Argued November 23; affirmed December 21, 1948

## KILBORN *v.* KILBORN

200 P. (2d) 603

*W. W. McKinney,* of Salem, argued the cause and filed a brief for appellant.

*Ray Rhoten,* of Salem, argued the cause for respondent. On the brief were Alf O. Nelson and Rhoten & Rhoten, of Salem.

Before ROSSMAN, Chief Justice, and LUSK, KELLY and HAY, Justices.

KELLY, J.

This is a divorce case wherein Margie G. Kilborn is plaintiff and Oscar Kilborn is defendant.

14

The plaintiff, by her amended complaint, charged defendant with having treated her in a cruel and inhuman manner, and having inflicted personal indignities upon her as follows:

(1) Defendant has applied to plaintiff vile and opprobrious epithets;

(2) Defendant has accused plaintiff of undue attention to men other than defendant, particularly on December 1, 1946;

(3) Defendant struck and beat plaintiff with his fists, particularly on the 23rd day of January, 1947; and

(4) Defendant has cultivated an irritable disposition towards plaintiff and has subjected plaintiff to unreasonable demonstrations thereof, particularly in the presence of friends of both plaintiff and defendant.

Defendant, by his answer, denies plaintiff's allegations of his purported mistreatment of her and alleges:

"That plaintiff has treated defendant in a cruel and inhuman manner, heaping upon him personal indignities and rendering his life burdensome, some of said acts of cruel and inhuman treatment and personal indignities being as follows, to-wit: said plaintiff failed and refused to stay at home and look after the minor children of plaintiff and defendant; said plaintiff has followed a course of conduct of leaving defendant and said children and going to places of amusement; said plaintiff has failed to realize and understand the importance of the duties imposed upon her as a wife; that as a result of plaintiff's conduct, the health of both the defendant and minor children herein has been neglected; that said plaintiff has nagged and quarreled with defendant; that said plaintiff has been dissatisfied with her home and on or about the last part of March, 1947, said plaintiff left defendant

and said children and has lived separate and apart from said defendant since said time.''

And defendant also alleges:

''That said course of conduct upon the part of plaintiff has been deliberate and unprovoked and has been for the purpose of annoying, injuring and harassing defendant, and the same has annoyed injured and harassed defendant and caused him to suffer physically and mentally.''

Plaintiff, by her reply, denies the affirmative allegations in defendant's answer except those matters set forth and alleged in her complaint.

The testimony is not very voluminous. It fails to support defendant's charge that plaintiff willfully neglected her children or that their health was neglected.

It is also shown by the testimony that defendant was very suspicious of plaintiff in regard to her conduct with Mr. Dewey McBride. While it is true that plaintiff and defendant associated with Mr. McBride and his wife, played cards with them, attended the dances, and at one time Mr. McBride electrically wired the house in which plaintiff and defendant were living, but a careful consideration of the testimony fails to show that there was any misconduct or undue familiarity on the part of plaintiff and Mr. McBride.

The record discloses that plaintiff and defendant were married to each other on July 6, 1932, and in 1935, plaintiff secured a divorce from defendant. Plaintiff and defendant were again married to each other on November 6, 1939.

Plaintiff testified that after their second marriage to each other defendant treated her kindly until she

sought to have her way in matters wherein they differed. Defendant says she nagged him constantly.

The principal reason that defendant urges as ground for a decree in his favor is the undue attention that he claims plaintiff gave to Mr. McBride. While there was a friendly and neighborly course of conduct between Mr. and Mrs. McBride on the one hand and plaintiff and defendant on the other, as stated, the record is devoid of any showing of misconduct on the part of plaintiff that would justify a decree of divorce in favor of defendant.

An incident reflected in the record is that of a card game at which the parties mentioned, namely, the McBrides and Kilborns were playing. Defendant testified that he inadvertently dropped a card and as he picked it up he observed that plaintiff's feet and those of Mr. McBride were too close together. Plaintiff testified that upon that occasion defendant, while sitting at the card table, kicked her on the shins. Plaintiff also testified that defendant has choked her, struck her and pushed her toward a hot cook stove.

Defendant counterclaims by saying that plaintiff has struck him with a flashlight and in fact has been the aggressor in most of their conflicts.

■ After the conclusion of the trial, the learned trial judge upon reflection granted plaintiff a divorce as stated. We are influenced to some extent by the advantage, denied to us, that the trial judge has in hearing and seeing the witnesses as well as by the failure of defendant to produce any testimony establishing marital misconduct on plaintiff's part either with Mr. McBride or any one else; while on the other hand, plaintiff's testimony of defendant's brutality is corroborated to the extent that witnesses testify to having

seen the marks upon her arm and neck and eye that plaintiff claims were caused by defendant, and the episode of pushing plaintiff toward a heated stove is corroborated by plaintiff's mother.

The care given to the children at plaintiff's instance was in part that of plaintiff's mother, because plaintiff was at work earning a living for them, the defendant being employed only part of his time.

The decree of the circuit court is affirmed.